**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SYLVESTER ONYEJIAKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-752 SRW |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Sylvester Onyejiaka's Petition for Award of Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 32. On April 19, 2021, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Five Thousand Seven Hundred and Twenty-Two Dollars and Fifty Cents ($5,722.50). This amount is based on multiplying 27.25 hours of attorney time by a rate of $210.00 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $210.00. Plaintiff requests that the award of attorney fees be made payable to her attorney, Jennifer Van Fossan, based upon the Assignment of Federal Court EAJA Attorney Fee agreement signed by Plaintiff. *See* ECF No. 33-3.

---

[1] At the time this case was filed, Andrew M. Saul was the Commissioner of Social Security. Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Kilolo Kijakazi for Andrew M. Saul in this matter.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $5,722.50 to be paid by the Social Security Administration. ECF No. 34. The Commissioner, however, asserts that the EAJA fee is "payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id.* at 1. Plaintiff has not filed a reply to the Defendant's response, and the time for doing so has expired.

The Court has reviewed Plaintiff's Petition for an Award of Attorney Fees under the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated April 19, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504, 505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 33-2. The Court agrees with Plaintiff that a cost of living increase is appropriate as requested.

2

Because Plaintiff prevailed and is not otherwise precluded from receiving attorney fees, the Court finds that he is entitled to attorney's fees in the amount of Five Thousand Seven Hundred and Twenty-Two Dollars and Fifty Cents ($5,722.50). Despite Plaintiff's request for the Court to make the fee payable directly to Plaintiff's attorney, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff"); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sylvester Onyejiaka's Petition for Award of Attorney Fees [ECF No. 32] is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Five Thousand Seven Hundred and Twenty-Two Dollars and Fifty Cents ($5,722.50).

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff Sylvester Onyejiaka.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Kilolo Kijakazi for Andrew M. Saul in the court record of this case.

So Ordered this 2nd day of August, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE